FINAL REPORT[1]

*Amendments to Pa.R.Crim.P. 540*

SCHEDULING OF PRELIMINARY HEARINGS FOR INCARCERATED DEFENDANTS

On November 30, 2016, effective April 1, 2017, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rule 540 (Preliminary Arraignment) to (1) clarify the definition of an in-custody defendant for purposes of scheduling the preliminary hearing, and (2) state that the practice of scheduling the preliminary hearing within the time-period required by the rule but then automatically continuing the preliminary hearing is inconsistent with the intent of the rule.

The Committee had been presented with a question regarding the interpretation of the Rule 540(G)(1) requirement for scheduling the preliminary hearing no later than 14 days after the preliminary arraignment if the defendant is in custody and no later than 21 days if the defendant was not in custody.[2] The question was whether the defendant had to be in custody for the current case or for any matter, even one unrelated to the current case, for the shorter time-period to be applicable.

The preliminary arraignment rule has had a provision requiring the scheduling of the preliminary hearing since it was first adopted as Rule 119 in 1964. Originally, the time limitation was simply "within 3 to 10 days after the arraignment" without reference

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

[2] The practice in Philadelphia is different from the rest of the Commonwealth due to the different procedures in the Philadelphia Municipal Court. Preliminary arraignment procedures, including the provisions for the scheduling of the preliminary hearing, which are generally held only in felony cases, are governed by Rule 1003. Rule 1003(D)(3)(d)(iii) provides that the preliminary hearing "shall not be less than 14 nor more than 21 days after the preliminary arraignment…" without making a distinction between defendants who are in custody and those who are not.

Scheduling of Preliminary Hearings for Incarcerated Defendants *Final Report*: 11/30/2016

to custody. This provision was changed in 2012 as part of the package that reinstated indicting grand juries, increasing the time limitations to the current 14 and 21 days. The *Final Report* to those amendments, 42 *Pa.B.* 4140 (July 7, 2012), contained the following explanation:

> Rule 540(F)[3] includes, as an exception to when an issuing authority would set the date for the preliminary hearing, the situation when the attorney for the Commonwealth is presenting the case to an indicting grand jury. Paragraph (F)(3) has been amended to extend the time for conducting the preliminary hearing from 3 to 10 days after the preliminary arraignment to 14 to 21 days after the preliminary arraignment to accommodate the timing for proceeding to an indicting grand jury depending on whether or not the defendant is in custody.

During the development of these 2012 changes, the Committee also noted that the 3/10 day time limitation was more honored in the breach in most jurisdictions and felt that the extended time limitations would be helpful in all cases, not just those which were being considered for presentation to an indicting grand jury.

In reviewing the history of Rule 540 for this latest question, the Committee concluded that the intention of the scheduling provision was to ensure that the defendant received a timely preliminary hearing. The distinction made for a defendant who was in custody was designed to ensure that a defendant did not languish unduly in jail before a *prima facie* determination could be made. In other words, the rule is premised on the idea that the defendant should receive a timely preliminary hearing on the possibility that, if no *prima facie* case would be found, the defendant would be given his or her liberty. If the reason that a defendant is incarcerated is unrelated to the charges that would be reviewed at the preliminary hearing, presumably due to charges or a conviction in another case, the defendant will remain incarcerated even if the charges in the current case are dismissed. Therefore, the Committee determined that

---

[3] Rule 540 was amended again later in 2012 and then-paragraph (F) was re-lettered to paragraph (G).

Scheduling of Preliminary Hearings for Incarcerated Defendants *Final Report*: 11/30/2016

the rule was intended to apply only to incarceration on the current pending charges. Additional language has been added to paragraph (G) to make this clarification.

The Committee also noted that there was an omission when the time limitation language was changed in 2012. Paragraph (G)(1)(b) states that the preliminary hearing will be scheduled in the listed time periods unless "(b) the issuing authority fixes an earlier date upon request of the defendant or defense counsel with the consent of the complainant and the attorney for the Commonwealth." Since the 2012 changes altered the language of the paragraph to read "fix a day and hour for a preliminary hearing which shall not be later than 14 days after the preliminary arraignment if the defendant is in custody and no later than 21 days if not in custody" there is no "earlier date" unlike in the "3 to 10 days" in the former rule. Therefore this language is no longer necessary and has been removed.

During the examination of this question, it was noted that the practice in a few jurisdictions is to schedule the preliminary hearing within the time-period required by the rule but with no intention for the hearing to be held on that date. Instead, the court automatically continues the preliminary hearing to a later date. This practice is inconsistent with the intent of the rule and language has been added to the *Comment* stating so.

-3-